**MEMO ENDORSED**

LAW OFFICE OF JENNIFER E. TUCEK, PC
315 Madison Avenue, Suite 3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com

August 24, 2022

VIA ECF
Hon. Valerie E. Caproni
United States District Court
40 Foley Square, Room 2103
New York, NY 10007-1312

Re: Monge v. Gzim Realty LLC
 Case No. 21-cv-08375

Dear Judge Caproni:

  I represent the Plaintiff Javier Monge in the above referenced case. I write to request an order dismissing Plaintiff's case without prejudice to renew pursuant to Federal Rule of Civil Procedure 41(2) on the ground that any settlement conference, summary judgment motion or trial would be futile, and would subject my injured and disabled client to unnecessary emotional and physical distress. Plaintiff is simply unable to make a prima facie case without the fact discovery that he sought and has attempted to obtain for over five months.

  Your Honor denied Plaintiff's motion to extend the fact discovery deadline on the grounds that the deadline passed a long time ago, Plaintiff did not indicate in his letter when the outstanding discovery requests were served, and Plaintiff did not state exactly when he was struck by a car. Regarding the timing of the discovery motion, it was filed *4 days after the deadline expired*, 2 of those days being a weekend. Regarding when Plaintiff served his discovery requests, the letter motion *clearly state*d that they were served within the deadline set in the CMO. The exact date was April 16, but Plaintiff fails to see the relevance. Finally, the court found it material that Plaintiff did not disclose when he was hit by a car. His accident occurred in late April. The Defendant has an authorization for Plaintiff's medical records and can learn all the gory details if it so chooses. Plaintiff was able to provide Defendant with all the requested discovery despite his hardships. Defendant produced nothing with no explanation - and has been rewarded for it.

  The above information is ultimately meaningless, as the Court did not deny Plaintiff's request without prejudice to renew, but plaintiff feels it necessary to produce a thorough record at this time.

  It would be grossly unfair to force Plaintiff to continue to proceed with this case, when the Court has effectively dismissed it. Defendant has no reason to settle, and any fair settlement would not be in the best interests of his client, since Plaintiff has no case and the Court has made its position clear. Defendant

would not be prejudiced by the dismissal, since he has done nothing in this case except appear – after being served with a default motion.

Plaintiff is seeking a court order rather than filing a stipulation because communications between the Parties has broken down to a point where we cannot communicate at all. Defense counsel has been hostile, insulting and hurtful to the undersigned, has refused to participate in this litigation, and has been rewarded for it. The undersigned requested a conference to address discovery and other issues and that request was denied.

If the Court does not dismiss the case without prejudice, Plaintiff will be forced to participate *physically* and in every other way in a futile and expensive proceeding. He is disturbed by this entire proceeding and does not find the court's get well soon wishes to be any consolation to say the least. Thank you.

Respectfully submitted,
/s/ Jennifer E. Tucek
Jennifer E. Tucek

---

Defendant must respond not later than **August 26, 2022** regarding whether it objects to the Court dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

The relevance of the timing of discovery requests and the deadline for the close of discovery are self-evident: if requests were served in April, Plaintiff has had at least three months to bring Defendants' alleged foot-dragging to the Court's attention. The same is true regarding Plaintiff's inability to participate in a deposition, of which counsel was aware at the time of the accident in April. The Court's enforcement of deadlines is not a reward for a difficult party, and the blame for counsel's failure to raise these issues with the Court in a timely manner does not fall with the Court.

SO ORDERED.

*[Signature]* 8/24/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE